## UNITED STATES v. COOK.

Cr. No. 5918.

District Court, S. D. Texas, Galveston Division.

Jan. 31, 1947.

Brian S. Odem, U. S. Atty., and W. F. Leigh, Asst. U. S. Atty., both of Houston, Tex., for plaintiff.

George H. Cavanagh, of Houston, Tex., for defendant.

KENNERLY, District Judge.

Defendant, Frank Bennett Cook, is registered with Local Draft Board No. 2 of Galveston County, Texas, and is charged by indictment returned and filed herein with failure to report to such Board for physical examination and for induction, and failure to keep such Board advised of his address. Sections 302 et seq., Title 50 U.S.C.A.Appendix. He waives a jury and pleads not guilty.

The evidence shows that defendant was registered with *two* Draft Boards, i. e., Galveston County, Texas, No. 2, and Harris County, Texas, No. 15. The effective date of registration with the Galveston County Board is *November 10, 1941,* apparently at a time when defendant was being released from the Texas Penitentiary, where he had been incarcerated. The date of registration with the Harris County Board is not shown, but it was *prior* to *July 16, 1941.*

Prior to defendant's registration with the Galveston County Board, the Harris County Board had taken jurisdiction of defend-ant. It later proceeded in his case, entered various orders therein, and on *February 26, 1946,* an indictment was returned and filed against him at the Houston Division of this Court for failure to return his questionnaire and failure to report for induction, to the Harris County Board, and failure to keep the Harris County Board advised of his address. He was tried at the Houston Division of this Court September 24, 1946, on such indictment and found not guilty. Soon thereafter (September 25, 1946), this indictment in this, the Galveston, Division followed.

The evidence shows beyond a doubt that defendant did not receive the notices mailed to him by the Galveston County Board to report for physical examination and for induction, and the defendant cannot, therefore, be guilty under Counts One and Two of the indictment.

Count Three of the indictment in this case and Count Three of the indictment in the case in the Houston Division are identical, except that in *this* case, it is charged that defendant, on and after July 22, 1942, failed to keep the Galveston County Board advised of his address and in *that* case that he, on and after July 16, 1941, failed to keep the Houston Draft Board advised of his address.

Defendant claims that the judgment finding him not guilty under the Houston Indictment is res adjudicata here, but I do not find it necessary to decide the point.

There is nothing in the Selective Training Service Act requiring a person to register more than once.[1] The Regulations contain a provision[2] instructing the Draft Boards how to proceed in instances where

[1] Section 302 of Title 50 U.S.C.A.Appendix, is as follows:

"Sec. 302. Registration of male citizens and alien residents; age limitations.

"Except as otherwise provided in this Act, it shall be the duty of every male citizen of the United States, * * * who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and sixty-five, to present himself for and submit to registration at such time or times and place or places, and in such manner and in such age group or groups, as shall be determined by rules and regulations prescribed hereunder."

[2] Regulation 612.18 is as follows:

"If a registrant has registered or hereafter registers more than once and gives different addresses on line 2 of his Registration Card (Form 1), each local board having jurisdiction of the area in which each address is located shall put a serial number and (except in the case of a registrant in Group 4) an order number on the Registration Card (Form 1). Except for the local board which may cancel the registration, the registrant shall be subject to the jurisdiction of each local board having a Registration Card (Form 1) for such registrant."

a person is registered before two boards. But such regulation does not support the procedure here. Here, the Government elected to stand on, approved as proper, and adopted the first registration before the Harris County Board, by causing defendant to be indicted in the Houston Division, and upon his being found not guilty there, hastened into this Division and caused the indictment in this case to be returned and filed against him. No such procedure is sanctioned or contemplated by the Act. The defendant is found not guilty on all counts of the indictment.